MARION BETHUNE, as Ordinary of Talbot county, for the use of JOHN T. FANNING, et al. plaintiff in error, vs. THOS. GREEN, defendant in error.

A guardian is responsible for only such property of his wards, as is accessible to him.

Debt on Bond.  Tried before Judge WORRILL, September Term, 1858.  Talbot Superior Court.

Bryant Fanning, the father of plaintiff's usees, was the drawer in the Land Lottery of 1827, of two lots of land viz: lots number sixteen in the tenth district of Troup county, and number fifty-four in the ninth district of Muscogee.

No grants were taken out during the drawer's life, Bryant Fanning died about the year 1830 in the county of Wilkes; and Welcome Fanning and Thomas Green Sr., obtained letters of administration on his estate, in the same year.  An order was obtained, by the Administrators, from the Court of Ordinary of Wilkes county of which the following is a copy: "It appearing to the Court that due notice has been given of an intended application for leave to sell the real estate of Bryant Fanning deceased; on motion, ordered that the administrator's be and are hereby, authorized to sell the

estate of said Fanning upon a credit of twelve months, after giving legal notice of said sale."

There was no sale or other administration of the two above named lots of land.

In the year 1841, the defendant Thomas Green, took out letters of guardianship of the persons and property of the plaintiff's usees, and gave bond and security according to law; during the guardianship of the defendant, and the minority of his wards, the aforesaid two lots of land were suffered to revert to the State, and were granted to others under the act of the Legislature passed in 1843.

This suit was brought on the guardian's bond and the foregoing facts alleged as a breach of it.

On the trial of the cause, the Court below charged the jury that the guardian was not liable under this statement of facts and that no one was liable for the loss of the land, but the administrators of Bryant Fanning's estate.

SMITH & POU, for plaintiffs in error.

STUBBS & HILL; WELLBORN, JOHNSON & SLOAN, contra.

By the Court.—BENNING, J. delivering the opinion.

Was the charge of the Court below right?
We think it was.

The duty imposed on the guardian, by his bond, was, to "take due and lawful care of the" "property" of his wards.

The property; this must mean, merely, such property of the wards, as was accessible to him.

Were the lands, in question, accessible to him? We think not. There was an order authorizing the administrators of the father of the wards, to sell the lands. This order gave to those administrators the right to retain the lands, as against the guardian, that they might sell the lands; and consequently, the order would have been an answer to any suit for the lands, brought by the guardian, against them.

The presumption is, that while that order stood, the interest of the creditors and distributees, required, that the lands should be sold.

And then the lands were not granted, and the duty of granting them, was on the administrators, if not exclusively, at least, more properly, than on the guardian, for the expense of the grant, was a charge on the whole estate, rather than on the share of any distributee, and it was only the administrators, that had at command the whole estate.

Taking the case, then, as it appears in the record, we think, that the charge of the Court below was right.

Judgment affirmed.

*Judge McDonald did not preside in this case, on account of indisposition.